IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NELS LEE OMHOLT,

        Plaintiff,	No. CIV S-08-1098 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.	<u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for remand, deny the Commissioner's cross-motion for summary judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g) .

/////

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated December 14, 2007, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has a severe impairment of fibromyalgia but this impairment does not meet or medically equal a listed impairment; plaintiff has the residual functional capacity to perform light work that involves occasional postural activities with no climbing ladders, ropes and scaffolding; plaintiff cannot perform any past relevant work; there are a significant number of jobs that plaintiff can perform; and plaintiff is not disabled. Administrative Transcript ("AT") 17-23. Among other errors, plaintiff contends

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

the ALJ improperly disregarded the opinions of treating physicians.  This contention is dispositive and requires remand.

II.  <u>Standard of Review</u>

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  <u>Copeland v. Bowen</u>, 861 F.2d 536, 538 (9th Cir. 1988) (citing <u>Desrosiers v. Secretary of Health and Human Services</u>, 846 F.2d 573, 575-76 (9th Cir. 1988)).  Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance.  <u>Saelee v. Chater</u>, 94 F.3d 520, 521 (9th Cir. 1996) (citing <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 402 (1971) (quoting <u>Consolidated Edison Co. v. N.L.R.B.</u>, 305 U.S. 197, 229 (1938)).  The record as a whole must be considered, <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  <u>See</u> <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  <u>Id</u>.; <u>see</u> <u>also</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, <u>see</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

III.  <u>Analysis</u>

Plaintiff contends the ALJ improperly rejected the opinion of his treating physician, Dr. McCrory.  The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating

3

1  professional, who has a greater opportunity to know and observe the patient as an individual. Id.;
2  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

3        To evaluate whether an ALJ properly rejected a medical opinion, in addition to
4  considering its source, the court considers whether (1) contradictory opinions are in the record,
5  and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a
6  treating or examining medical professional only for "clear and convincing" reasons. Lester, 81
7  F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be
8  rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Id. at
9  830. While a treating professional's opinion generally is accorded superior weight, if it is
10 contradicted by a supported examining professional's opinion (e.g., supported by different
11 independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d
12 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In
13 any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical
14 findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory,
15 minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a
16 non-examining professional, without other evidence, is insufficient to reject the opinion of a
17 treating or examining professional. Lester, 81 F.3d at 831.

18       Plaintiff began treating with Dr. McCrory in February 2007, after several years of
19 treatment for fibromyalgia[2] with his prior physician, Dr. Patel.[3] In a medical assessment of

---

[2] "Fibromyalgia is a form of rheumatic disease with no known cause or cure. The principal symptoms, which are entirely subjective, are pain and tenderness in muscles, joints and ligaments, but the disease is frequently accompanied by fatigue, sleep disturbances, anxiety, dizziness, irritable bowels and tension headaches." Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1067 (9th Cir.1999) (citing Arthritis Foundation Pamphlet, Fibromyalgia 6-8 (1989)). "The principal symptoms are 'pain all over,' fatigue, disturbed sleep, stiffness, and . . . multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch. All these symptoms are easy to fake, although few applicants for disability benefits may yet be aware of the specific locations that if palpated will cause the patient who really has fibromyalgia to flinch." Sarchet v. Chater,

ability to do work-related activities, dated April 30, 2007, Dr. McCrory opined that plaintiff could walk and stand one to two hours and sit for two to four hours, occasionally lift five to ten pounds, and could not perform the full range of sedentary work due to chronic debilitating pain, decreased strength and sensation into the extremities and decreased spinal motion. AT 175-178. Dr. McCrory further noted that plaintiff exhibited no symptom magnification. AT 178.

The ALJ rejected Dr. McCrory's opinion on the basis that it was unsupported by objective clinical, laboratory or imaging evidence and did not take into consideration plaintiff's positive response to his May 2006 arthroscopic surgery. AT 21. These reasons do not meet the standards set forth above. Dr. McCrory's records indicate several objective findings consistent with the assessed limitations, including atrophy into the left thigh, significant decreased hand grip strength, altered global motion, and pain on palpation. AT 198-202; see also AT 170 (another physician, Dr. Macko, found moderate atrophy of both thighs in May 2006). While the records of plaintiff's prior treating physician Dr. Patel contain minimal objective findings, those records contain several annotations of "disabled." AT 157, 163, 165, 167. Whether Dr. Patel was indicating plaintiff's subjective complaints or formulating an objective finding is unclear from the record; because the ALJ did not discuss these records or request clarification from Dr. Patel, the court cannot review the ALJ's assessment of this evidence. The only consultative internal medicine evaluator, Dr. Sharma, was provided no records and examined plaintiff two years prior to Dr. McCrory's assessment. AT 139. Dr. Sharma made minimal objective findings. Although plaintiff alleged an onset date of disability of December 15, 2003, given the length of time between Dr. Sharma's examination and that of Dr. McCrory, the significant difference in their objective findings and what appears to be plaintiff's deteriorating physical condition, it appears the ALJ erred in failing to consider a different onset date of disability than the one

---

78 F.3d 305, 306-07 (7th Cir.1996).

[3] Dr. Patel treated plaintiff from September 23, 2004 to January 15, 2007. AT 155-168, 184-192.

alleged by plaintiff.  AT 242 (at time of hearing on August 8, 2007, plaintiff testified he spent 95% of his day in recliner); cf. AT 101 (pain questionnaire dated December 14, 2005 indicates plaintiff's daily activities include cooking breakfast, performing household chores, trimming rose bushes, working on rocks, working on computer and baseball card, stamp, and coin collections).

The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court.  Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990).  Here, the ALJ improperly rejected the opinion of Dr. McCrory.  However, the record is not fully developed.  Even if Dr. McCrory's opinion is credited, the onset date of disability cannot be readily ascertained from the current record.  As noted above, there is also ambiguity regarding the meaning of "disabled" in Dr. Patel's chart notes.  A comprehensive medical exam, including review of the medical records, by a rheumatologist or other fibromyalgia specialist would properly develop the record.[4]  See Benecke v. Barnhart, 379 F.3d 587, 594 n.4 (9th Cir. 2004) (rheumatology relevant specialty for fibromyalgia).

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is denied; and

3. This matter is remanded for further proceedings consistent with this order.

DATED: September 30, 2009.

_____
U.S. MAGISTRATE JUDGE

006/omholt.ss

---

[4] Although plaintiff has not received mental health treatment other than prescription medication for depression, a comprehensive consultative mental examination would properly develop the record with respect to plaintiff's claim of mental impairment.  The record is devoid of any limitations attributable to plaintiff's obesity and further development in this regard does not appear to be necessary.